| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-03024-SVW-JPR | Date | June 13, 2019 |

| | |
|---|---|
| Title | *Jesus Orlando Mejia v. Union Pacific Railroad Company et al.* |

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S AND DEFENDANT'S MOTIONS TO REMAND [13] [18] AND DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS [10]

### I. Introduction

On February 9, 2018, Plaintiff Jesus Orlando Mejia filed this action in state court, bringing claims against Defendant Union Pacific Railroad Company for violations of the Federal Employers' Liability Act ("FELA") and the Safety Appliance Act. Dkt. 1-1. On March 19, 2019, Defendant Union Pacific Railroad filed a Cross-Complaint under California law against Titan Terminal and Transport, Inc. seeking, among other things, equitable indemnity and contribution.[1] Dkt. 1-2. On April 18, 2019, Third-Party Defendant Titan Terminal removed the case to this Court. Dkt. 1. Both Plaintiff and Defendant Union Pacific Railroad have filed motions to remand. Dkts. 13, 18. Third-Party Defendant Titan Terminal has also filed a motion to dismiss. Dkt. 10.

### II. Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal pursuant to 28 U.S.C. § 1441. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S.

---

[1] The Court considers Titan Terminal to be a Third-Party Defendant.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

804, 810 (1986). District courts within the Ninth Circuit "strictly construe the removal statute against removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). The defendant seeking removal "bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

### III.  Authority to Remand

In its oppositions briefs, Third-Party Defendant Titan Terminal asserts that pursuant to 28 U.S.C. § 1441(a), it is a "defendant" and therefore has the right to remove to this Court. Dkt. 20 at 4; Dkt. 21 at 4. However, the Supreme Court recently concluded that, "in the context of [28 U.S.C. § 1441(a),] . . . the term 'defendant' refers only to the party sued by the original plaintiff . . . ." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019). Furthermore, courts in this district have specifically ruled that third-party defendants may not remove cases. *See, e.g.*, *Saeilo Mach. (USA), Inc. v. Hirdes Freight, Ltd.*, No. CV 00-00777 MM MANX, 2000 WL 1205338, at *3 (C.D. Cal. Mar. 8, 2000) ("[The Court] continues to endorse the majority view that a third-party defendant may not remove an action . . . . [T]herefore, MTC's removal petition is defective because of [MTC's] status as a third-party defendant."). Here, Third-Party Defendant Titan Terminal was not originally sued by Plaintiff and so it is not a defendant as contemplated by 28 U.S.C. § 1441(a). Thus, its removal of this case was improper.

### IV.  Consent to Remand

28 U.S.C. § 1446(b)(2)(A) states that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in *or consent to the removal* of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Furthermore, district courts have held that a third-party defendant's attempt to remove a case necessarily fails when the other defendants do not timely indicate their consent to removal. *See, e.g.*, *McGuire v. Scheels All Sports, Inc.*, No. CV 10-19-BLG-RFC, 2010 WL 11606512, at *2 (D. Mont. May 28, 2010) ("Plaintiffs . . . argue the removal in this case was defective because [Third-Party Defendant] CEI failed to obtain the consent of all

|  | : |
|---|---|
| Initials of Preparer | PMC |

defendants [including the two original defendants] within the thirty-day removal period. Plaintiffs are correct that all proper defendants must join or consent in the removal notice, or explain affirmatively the absence of any co-defendants in the notice for removal, within the thirty day period for removal."); *McDaniel v. Loya*, 304 F.R.D. 617, 623-24 (D. N.M. 2015) ("In a case with multiple defendants, there must be unanimous consent to removal; any one defendant may spoil removal and keep the case in state court. Only true defendants have removal rights: plaintiffs defending counterclaims and third-party defendants may not remove an action, and their consent is not required for removal if all the true defendants consent."). Here, Defendant Union Pacific Railroad did not consent to Third-Party Defendant Titan Terminal's Notice of Removal, and in fact is moving to remand. Thus, removal was also improper on this ground.[2]

**V.      Conclusion**

For the above reasons, the Court GRANTS Plaintiff's and Defendant Union Pacific Railroad's motions to remand. Dkts. 13 and 18. Third-Party Defendant Titan Terminal's motion to dismiss is DENIED as moot. Dkt. 10.

IT IS SO ORDERED.

---

[2] Counsel for Third-Party Defendant Titan Terminal declares that because Titan Terminal is "the only named Cross-Defendant in the Cross-Complaint," "there are no lateral and/or similarly situated Cross-Defendants with which to meet and confer for consent to remove pursuant to 28 U.S.C. § 1446(b)(2)(A)." Catie R. Johnson Decl., Dkt. 1 at 6 ¶ 5. However, Cross-Defendant has not provided any authority to support its contention that only consent of "lateral and/or similarly situated Cross-Defendants" is necessary.